IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 24.183.51.58, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00205-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 71.13.250.95, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00207-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 71.87.100.125, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00208-bbc |
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 98.125.121.178, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00209-SLC |
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 24.177.123.74, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00315-wmc |
| MALIBU MEDIA, LLC, <br>     Plaintiff, <br> v. <br> JOHN DOE subscriber assigned IP address 24.183.92.115, <br>     Defendant. | ) ) ) ) ) ) ) | Civil Action No. 3:13-cv-00317-slc |

| | | |
|---|---|---|
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP<br>address 24.196.90.111,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:13-cv-00318-bbc |
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP<br>address 66.168.17.59,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:13-cv-00319-slc |
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP<br>address 71.10.117.251,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:13-cv-00320-slc |
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP<br>address 71.90.19.244,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:13-cv-00321-bbc |
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br>v.<br>JOHN DOE subscriber assigned IP<br>address 97.86.116.18,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:13-cv-00322-wmc |

**PLAINTIFF'S OPPOSITION TO MOTION OF THE ELECTRONIC FRONTIER FOUNDATION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF SANCTIONS**

I.     INTRODUCTION

The EFF cannot assist the Court in providing competent testimony about Plaintiff's purpose for attaching Exhibit C. Instead, all the EFF could possibly do is provide anecdotal *ad hominem* attacks and inadmissible speculation about the purpose of Exhibit C. This would merely district the Court from its task and unnecessarily burden Plaintiff who would have to respond to irrelevant and inadmissible red herrings.

To be sure, the EFF only seeks the Court to sanction Plaintiff so that it may further its political agenda, namely, stopping lawsuits from being filed against individual infringers. While a political desire is a proper basis to petition Congress, it is not a sufficient basis to intervene in a federal court copyright infringement suit. This is particularly true when the issue has no policy ramifications but instead is limited to a party's purpose for attaching an Exhibit to a Complaint.

Finally, since Plaintiff and its counsel told the whole truth about its purpose, the EFF simply will not be able to contradict any of the material statements in the declarations Plaintiff submitted. As further explained below, since the EFF cannot provide relevant information, the Court should deny its motion for leave to file an amicus brief.

II.     FACTS

    A.   The Sole Issue Before this Court is Plaintiff's Purpose for Attaching Exhibit C

The sole issue before the Court is Plaintiff's purpose for attaching Exhibit C. *See* CM/ECF 7. Indeed, under Rule 11 the Court has to give an adequate notice to a party on the basis upon which it is contemplating sanctions. *See Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005). The issue here is not whether Exhibit C is (1) admissible; (2) violates the First

Amendment rights of Defendant; (3) whether pornography is copyrightable; (4) or any other issue. The issue is Plaintiff's subjective intent behind attaching Exhibit C. Plaintiff's purpose for attaching Exhibit C is an issue of fact. Significantly, it is not a policy or legal issue. And, Plaintiff and its attorneys – not the EFF – are the only entities who possess knowledge about the purpose of attaching Exhibit C. The EFF has no basis telling the Court what Plaintiff and its counsel believed. It is the height of arrogance for the EFF to claim that Plaintiff's attested to purposes are pretense and that it knows Plaintiff's real purpose.

    B.  <u>Plaintiff Had A Proper Purpose</u>

Toward that end, as described in Plaintiff's Response to the Court's Show Cause Order, Plaintiff's purpose for attaching Exhibit C was to: (a) assist Plaintiff to identify the infringer; (b) allow an innocent doe defendant to identify the infringer and tell Plaintiff the identity of the infringer prior to being served; (c) assist Plaintiff to prove that the Defendant is a BitTorrent user; (d) assist Plaintiff to prove that the infringer resides in the subscriber's house; (e) assist Plaintiff to prove that the defendant had knowledge of the infringement; and (f) assist Plaintiff to defend against motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).

    C.  <u>The EFF Cannot Change Plaintiff's Purpose</u>

These were Plaintiff's only purpose for attaching Exhibit C. Plaintiff told the truth, the whole truth, and nothing but the truth when it explained its purpose. The EFF cannot change the facts associated with Plaintiff's purpose. Therefore, any paper it may file would add nothing of value and be irrelevant.

**III.  LEGAL STANDARD**

"Permitting an *amicus curiae* brief is discretionary." *Jones Day v. Blockshopper LLC*, 08 CV 4572, 2008 WL 4925644 (N.D. Ill. Nov. 13, 2008) (denying the EFF's motion to file an

4

amicus curiae brief). "The Seventh Circuit has cautioned against *amicus* briefs that do not 'assist the judge ... by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Chamberlain Grp., Inc. v. Interlogix, Inc.*, 01 C 6157, 2004 WL 1197258 (N.D. Ill. May 28, 2004) citing *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

"Historically … an amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). "In recent years, the role of amici curiae has shifted from one of neutrality to partisanship, particularly at the appellate level. Such a shift is proper in appellate courts where, usually only issues of law are resolved; it is not proper in a trial court." *Tiara Corp. v. Ullenberg Corp.*, 87 C 405, 1987 WL 16612 (N.D. Ill. Sept. 1, 1987) (internal citations admitted). "Thus while amici properly may provide assistance to the court on a legal question or present their view of a legal issue, they cannot properly present a partisan view of the facts." *Id.*

IV.   ARGUMENT

   A.  <u>The EFF Is Using The Amicus Brief to Further Its Own Purpose</u>

"Amicus curiae briefs are often attempts to inject interest-group politics into the federal appellate process by flaunting the interest of a trade association or other interest group in the outcome of the appeal." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000). The EFF's interest is in creating a free Internet. If Plaintiff is sanctioned, the EFF's political agenda is fulfilled making it more difficult for copyright holders to enforce copyrights against defendants downloading on the Internet. A political agenda is not a proper motivation for

intervening in a Rule 11 proper purpose proceeding, particularly when the issue surrounds questions of fact and not law or policy.

Although the EFF pays lip service to copyright, every brief it files is in support of the infringer.[1] With regard to Malibu Media's cases, the EFF maintains the list of attorneys who defend these cases.[2] All the EFF could hope to do is attempt to tarnish Plaintiff and its attorney's be associating them with third parties or proffer antidotal *ad hominem* attacks which would not shed light on Plaintiff's purpose for attaching Exhibit C. These are not proper predicates to accept an amicus brief.

B. <u>The EFF's Assertions Would be Based on Nothing More than Speculation</u>

Any opinions by the EFF about Plaintiff's purpose would be based on pure speculation and inadmissible for any evidentiary purpose. Fed. R. Evid. 701 states that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception." "[T]he requirement that the opinion be based on the witness's perception is 'the familiar requirement of first-hand knowledge or observation.'" *Stagman v. Ryan*, 176 F.3d 986, 996 (7th Cir. 1999). The EFF does not have personal knowledge about the reasons Plaintiff attached Exhibit C. Therefore any assertions by the EFF that it knows why Plaintiff attached Exhibit C would be nothing more than pure speculation. "[A]nd, as such, a meaningless assertion," and inadmissible. *Stagman v. Ryan*, 176 F.3d 986, 996 (7th Cir. 1999).

---

[1] Specifically, the EFF has sought leave to file amicus briefs in defense of numerous copyright infringers or companies that propel copyright infringement such as Napster, Aimster, Grokster,and Limewire.

[2] https://www.eff.org/issues/file-sharing/subpoena-defense

intervening in a Rule 11 proper purpose proceeding, particularly when the issue surrounds questions of fact and not law or policy.

Although the EFF pays lip service to copyright, every brief it files is in support of the infringer.[1] With regard to Malibu Media's cases, the EFF maintains the list of attorneys who defend these cases.[2] All the EFF could hope to do is attempt to tarnish Plaintiff and its attorney's be associating them with third parties or proffer antidotal *ad hominem* attacks which would not shed light on Plaintiff's purpose for attaching Exhibit C. These are not proper predicates to accept an amicus brief.

B. <u>The EFF's Assertions Would be Based on Nothing More than Speculation</u>

Any opinions by the EFF about Plaintiff's purpose would be based on pure speculation and inadmissible for any evidentiary purpose. Fed. R. Evid. 701 states that "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception." "[T]he requirement that the opinion be based on the witness's perception is 'the familiar requirement of first-hand knowledge or observation.'" *Stagman v. Ryan*, 176 F.3d 986, 996 (7th Cir. 1999). The EFF does not have personal knowledge about the reasons Plaintiff attached Exhibit C. Therefore any assertions by the EFF that it knows why Plaintiff attached Exhibit C would be nothing more than pure speculation. "[A]nd, as such, a meaningless assertion," and inadmissible. *Stagman v. Ryan*, 176 F.3d 986, 996 (7th Cir. 1999).

---

[1] Specifically, the EFF has sought leave to file amicus briefs in defense of numerous copyright infringers or companies that propel copyright infringement such as Napster, Aimster, Grokster,and Limewire.

[2] https://www.eff.org/issues/file-sharing/subpoena-defense

C. <u>The EFF is Not a Qualified Expert Capable of Opining About Plaintiff's Purpose</u>

The EFF is not an "expert" under Fed. R. Evid. 703 because it lacks the requisite training to determine subjective intent. To be sure, no one at the EFF is a trained psychologist who has interviewed Plaintiff or its counsel for the purpose of forming an opinion about the purpose behind attaching Exhibit C. "An expert must be limited to opinion testimony in the area of expertise for which the proffering party can qualify the expert." *Dutton v. United States*, 04-CV-0103-DRH, 2006 WL 644536 (S.D. Ill. Mar. 13, 2006). "[T]estimony that does little more than tell the jury what result to reach is unhelpful and thus inadmissable, and testimony regarding intent-essentially an inference from other facts-'is even more likely to be unhelpful to the trier of fact.'" *Dahlin v. Evangelical Child & Family Agency*, 01 C 1182, 2002 WL 31834881, at *3 (N.D. Ill. Dec. 18, 2002). "[A]n expert cannot testify as to credibility issues." *Goodwin v. MTD Products, Inc.*, 232 F.3d 600, 609 (7th Cir. 2000).

Numerous courts have held that an expert may not opine as to a party's mental state without specific expertise. *See Frost v. Teco Barge Line, Inc.*, 04-CV-752-DRH, 2007 WL 420152 (S.D. Ill. Feb. 5, 2007) ("[The Expert] does not possess the requisite qualifications as a psychologist, psychiatrist or other medical background that would allow him to opine regarding Plaintiff's mental state or anything in that regard"); *Aerotech Resources, Inc. v. Dodson Aviation, Inc.,* No. 00–2099–CM, 2001 WL 474296 (D.Kan.2001) (striking expert's testimony regarding parties' intent in entering into a contract); *Tasch, Inc. v. Sabine Offshore Service, Inc.,* No. 97–15901 JAB, 1999 WL 596261 (E.D.La.1999) (same); *United States v. Benson,* 941 F.2d 598, 604 (7th Cir.1991) (holding inadmissible testimony of an IRS agent regarding the purpose of a transaction; "[m]uch of [his] testimony consists of nothing more than drawing inferences from the evidence that he was no more qualified than the jury to draw").

7

### D. Permitting the EFF to File an Amicus Will Unnecessarily Burden Plaintiff

"[A]micus curiae briefs can be a real burden on the court system. In addition, the filing of an amicus brief imposes a burden of study and the preparation of a possible response on the parties." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000). The EFF's brief will burden both the Court and Plaintiff. Indeed, Plaintiff will likely have to spend thousands of dollars responding to red herrings.

Under the Copyright Act, the Court, in its discretion, may award attorney's fees to a prevailing party. *See* 17 U.S.C. § 505. Because the EFF is not a party, Plaintiff will not be deemed a prevailing party vis-à-vis the EFF. Nevertheless, the EFF purports to represent the interests of the Defendants. Consequently, the policy rationale under 17 U.S.C. § 505 should apply to the EFF. Unless the EFF is exposed to the same risk as a party in a copyright suit, the intent of 17 U.S.C. § 505 would be undermined. With that in mind, the EFF purports to represent the interests of the Defendants. It is not at all clear whether Defendant would choose to file a brief in support of sanctioning Plaintiff. Since the EFF seeks to do so, it should face the same burden as any other litigant in a copyright infringement law suit[3].

If the Court chooses to allow the EFF to file its brief, Plaintiff respectfully requests it do so only on the condition that the EFF will have to pay Plaintiff's attorney's fees when its brief does not persuade the Court to sanction Plaintiff. The Court has inherent authority to issue such an order. Particularly, since the EFF is seeking to intervene as an amici.

### V. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests the Court deny the EFF's motion.

---

[3] Indeed, if the Court preemptively rules on this issue the EFF may very well not file its brief because the risk-reward is not sufficient.

Dated: July 8, 2013

                Respectfully submitted,

                SCHULZ LAW, P.C.

By:  /s/ *Mary K. Schulz*
       Mary K. Schulz, Esq.
       1144 E. State Street, Suite A260
       Geneva, Il 60134
       Tel:  (224) 535-9510
       Fax:  (224) 535-9501
       Email:  schulzlaw@me.com
       *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 8, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                By:  /s/ *Mary K. Schulz*