**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00205-SLC |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 24.183.51.58, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00207-SLC |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 71.13.250.95, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00208-bbc |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 71.87.100.125, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00209-SLC |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 98.125.121.178, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00315-wmc |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 24.177.123.74, | ) | |
| Defendant. | ) | |
| _____ | ) | |
| MALIBU MEDIA, LLC, | ) | |
| Plaintiff, | ) | Civil Action No. 3:13-cv-00317-slc |
| v. | ) | |
| JOHN DOE subscriber assigned IP | ) | |
| address 24.183.92.115, | ) | |
| Defendant. | ) | |
| _____ | ) | |

MALIBU MEDIA, LLC,                            )
        Plaintiff,                       )    Civil Action No. 3:13-cv-00318-bbc
v.                                           )
JOHN DOE subscriber assigned IP              )
address 24.196.90.111,                       )
        Defendant.                       )
_____ )

MALIBU MEDIA, LLC,                            )
        Plaintiff,                       )    Civil Action No. 3:13-cv-00319-slc
v.                                           )
JOHN DOE subscriber assigned IP              )
address 66.168.17.59,                        )
        Defendant.                       )
_____ )

MALIBU MEDIA, LLC,                            )
        Plaintiff,                       )    Civil Action No. 3:13-cv-00320-slc
v.                                           )
JOHN DOE subscriber assigned IP              )
address 71.10.117.251,                       )
        Defendant.                       )
_____ )

MALIBU MEDIA, LLC,                            )
        Plaintiff,                       )    Civil Action No. 3:13-cv-00321-bbc
v.                                           )
JOHN DOE subscriber assigned IP              )
address 71.90.19.244,                        )
        Defendant.                       )
_____ )

MALIBU MEDIA, LLC,                            )
        Plaintiff,                       )    Civil Action No. 3:13-cv-00322-wmc
v.                                           )
JOHN DOE subscriber assigned IP              )
address 97.86.116.18,                        )
        Defendant.                       )
_____ )

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ..................................................................................................5

II. LEGAL STANDARD ...........................................................................................5

III. ARGUMENT ........................................................................................................7

    1. There Are Objectively Proper Purposes For Attaching Exhibit C ....................................7

    2. Prior Judicial Approval Demonstrates Attaching Exhibit C is Objectively Proper ...........7

    3. The RIAA Attached a Very Similar Exhibit For Reasons That Cannot Possibly Be Attacked On The Basis that the Purpose Was to Embarrass a Defendant .........................8

        A. Plaintiff's Subjective Motivations for Attaching Exhibit C Were Proper .................9

        B. The EFF's Argument Is Premised On a Logical Fallacy And Impermissible Speculation ...................................................................................................9

    1. The EFF Bolsters Its Logically Flawed Arguments With Two Thinly Veiled *Ad Hominem* Attacks ................................................................................................10

        A. The EFF Concedes Exhibit C Contains Relevant and Admissible Evidence But Erroneously Argues There Are No Good Reasons to Attach it to the Complaints ..11

        B. There Are Several Good Reasons to Attach Exhibit C to the Complaint ...............12

        C. It is Premature to Ascertain Whether Exhibit C Is Non-Admissible Propensity Evidence ................................................................................................13

IV. CONCLUSION ..................................................................................................14

## TABLE OF AUTHORITIES

*AF Holdings LLC v. Rogers*, 2013 WL 358292 (S.D. Cal. Jan. 29, 2013) ...................................13

*Brown v. Federation of State of Medical Boards of U.S.,* 830 F.2d 1429 (7th Circ. 1987)............5

*DeBartolo v. Health and Welfare Dept. of Const. and General Laborers' Dist.*, 2011 WL 1131110, *12 (N.D. Ill 2011) ..................................................................................................6

*Harlyn Sales Corp. Profit Plan v. Kemper Financial Services, Inc.,* 9 F.3d 1263, 1269 (7th Cir. 1993)........................................................................................................................................6

*Interscope Records v. Duty*, 05CV3744-PHX-FJM, 2006 WL 988086 (D. Ariz. Apr. 14, 2006)..9

*Interscope Records v. Duty*, 2006 WL 988086, at *1-2 (D. Ariz. Apr. 14, 2006).........................8

*Malibu Media v. Does 1-23*, No. 12-CV-7579 (N.D. Ill June 25, 2013) .....................................8

*Malibu Media v. John Doe*, 13-cv-00360, (D. Md. June 6, 2013)...............................................8

*Malibu Media, LLC v. John Doe 1*, CIV.A. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013) ....7

*Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, 2013 WL 3753436 (D. Colo. July 14, 2013)..........................................................................................7

*Malibu Media, LLC v. John Does 1-11*, 12-cv-01117-WTL-MJD (S.D. In. Sept. 19, 2013).......13

*Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) .................11

*Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931 (7th Cir. 2003)......................................6, 10

*Sony v. Tennenbaum,* 2011 WL 4133920 at * 11 (1st Cir. 2011).................................................11

*Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1083 (7th Cir. 1987) ........................6

*Tucker v. Olympia Dodge of Countryside, Inc.*, 03 C 0976, 2003 WL 21230604 (N.D. Ill. May 28, 2003)..............................................................................................................................10

*United States v. Medtronic, Inc.*, 2000 WL 1478476 (D. Kan. July 13, 2000) ...........................12

## PLAINTIFF'S OPPOSITION TO BRIEF AMICUS CURIAE OF THE ELECTRONIC FRONTIER FOUNDATION IN SUPPORT OF SANCTIONS

### I.   INTRODUCTION

Despite monitoring Malibu's litigation efforts across the country, the EFF did not come forward with one iota of evidence (as opposed to speculation) which suggests that Plaintiff attached Exhibit C to the complaints for an improper purpose.   In short, its arguments are unconvincing and are all based on easily exposed logical fallacies and ad hominem attacks. Ultimately, in order to sanction Plaintiff, this Court would have to either find that there was no reasonable basis for attaching Exhibit C which was not motivated by an improper purpose or that Plaintiff subjectively had an improper purpose for attaching Exhibit C.   Respectfully, the evidence does not support either conclusion.   Accordingly, this Court should terminate its Show Cause Order (CM/ECF 7) without issuing any sanction.

### II.   LEGAL STANDARD

The EFF falsely asserts that Plaintiff erred by focusing on its subjective intent for attaching Exhibit C.   The EFF's argument is premised on the false factual conclusion that there are no reasonable reasons to attach Exhibit C except those which are motivated by an improper purpose.   As set forth in Plaintiff's Response to the Show Cause Order and this paper, there are reasonable reasons to attach Exhibit C that are not motivated by an improper purpose.   Under these circumstances, the law is unambiguous that Plaintiff's subjective intent is outcome dispositive.

To explain, the Seventh Circuit holds Rule 11(b)(1) "effectively picks up the torts of abuse of process (filing an objectively frivolous suit) and malicious prosecution (filing a colorable suit for" an improper purpose). *Brown v. Federation of State of Medical Boards of U.S.,* 830 F.2d 1429 (7th Circ. 1987), *rev. on other grounds.*  When the basis for sanctions under

Rule 11(b) is that a claim is frivolous, courts use an objective standard and have a well-defined analytical framework for ascertaining whether a reasonable lawyer would believe there is sufficient legal and factual support. *See e.g., Brown* at 1435 and *Harlyn Sales Corp. Profit Plan v. Kemper Financial Services, Inc.,* 9 F.3d 1263, 1269 (7th Cir. 1993). Conversely, while "whether a party or attorney acted with an improper purpose is based on an objective standard" . . . "subjective bad faith or malice *may* be important when the suit is objectively colorable." *Brown* at 1446 (emphasis added).

Significantly, where there are both possible proper and improper purposes for taking an action, the Seventh Circuit went beyond merely describing a party's subjective intent as important by holding that "the district court *must* find out why Szabo-Dingy pursued litigation." *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1083 (7th Cir. 1987). Additionally, when there are both possible proper and improper purposes for taking an action, "courts *must* determine if there is sufficient evidence in the record to show an improper purpose." *DeBartolo v. Health and Welfare Dept. of Const. and General Laborers' Dist.*, 2011 WL 1131110, *12 (N.D. Ill 2011) (emphasis added.) Finally, when there is a possible proper purpose, judicial speculation is *not* a sufficient basis to sustain a sanctions order. *See Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931 (7th Cir. 2003) ("The sanctions order thus appears to rest on nothing more solid than the judge's speculation that Reed is an extortionist. The speculation is too thin to sustain that order.") *Accord, DeBartolo* at *12 (speculation is insufficient.)

From the foregoing, undersigned respectfully submits that the decisional authority teaches: only if X-act *cannot* be performed by a reasonable person unless that person is motivated by an improper purpose (the objective test), may a court sanction a party who did not subjectively have an improper purpose (the subjective test).

III.   **ARGUMENT**

1.   There Are Objectively Proper Purposes For Attaching Exhibit C

The evidence establishes that there are objectively proper purposes for attaching Exhibit C.   "Objective" means "1. Of, relating to, or based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions < the objective facts>.  2. Without bias or prejudice; disinterested <because her son was involved, she felt she could not be objective>."  Black's Law Dictionary (9th ed. 2009).

2.   Prior Judicial Approval Demonstrates Attaching Exhibit C is Objectively Proper

Prior judicial approval is an "externally verifiable phenomenon" that evinces attaching Exhibit C may be motivated by a proper purpose.    With that in mind, Judge Baylson, an undoubtedly reasonable person, denied Defendant's Motion for Sanctions based upon Plaintiff's attaching Exhibit C.  *See Malibu Media, LLC v. John Doe 1*, CIV.A. 12-2078, 2013 WL 30648 (E.D. Pa. Jan. 3, 2013) ("[a]fter consideration, the Court finds no need to strike Paragraph 53 or Exhibit F[1] of the Amended Complaint in 12–2088 or to issue sanctions.  Malibu has included this material in order to show a pattern or practice of infringement by Doe 13.  It is not suing upon these infringements; it is making an allegation which may become evidence to support its claim to relief.").

Innumerable other judges have also analyzed and accepted Exhibit C.  *See Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, 2013 WL 3753436 (D. Colo. July 14, 2013) ("[a]s additional evidence of Defendant's infringement practices, Plaintiff attaches the results of 'Expanded Surveillance' of the BitTorrent downloads associated with the Defendant's IP address").   Additionally, in *Malibu Media v. John Doe*, 13-cv-00360, (D. Md.

---

[1] In this case Plaintiff's Exhibit C happened to be filed as "Exhibit F".

7

June 6, 2013) CM/ECF 27 the District Court of Maryland, despite being provided with a copy of this Court's show cause order by AT&T who argued Plaintiff was using Exhibit C to coerce settlements, granted Plaintiff motion for leave to subpoena ISPs without discussion of Exhibit C. Further, Plaintiff's Florida counsel recently attended two hearings presided over by two separate judges. Each of these judges inquired specifically about the purpose of Exhibit C. Neither judge found Plaintiff's inclusion was improper. *See Declaration of Emilie Kennedy* ¶¶ 33-39 and *Declaration of Jason Cooper* ¶¶ 6-11. Undersigned also specifically explained the purpose of Exhibit C to Judge Durkin in *Malibu Media v. Does 1-23*, No. 12-CV-7579 (N.D. Ill June 25, 2013) who did not find it to be improper.

Hundreds of courts have received Plaintiff's complaints with Exhibit C. To date, no court has ever found that the evidence contained on Exhibit C was irrelevant or that it was unreasonable to attach it.

     3.    The RIAA Attached a Very Similar Exhibit For Reasons That Cannot Possibly Be Attacked On The Basis that the Purpose Was to Embarrass a Defendant

If a person does X-act under circumstances which make it clear that it was motivated by a proper purpose that is an "externally verifiable phenomenon" that doing X-act can be motivated by a proper purpose. That evidence exists here. To explain, in the mid to late 2000s, the Recording Industry Association of America ("RIAA"), in the name of various Plaintiffs, sued between 15,000 and 25,000 people for illegally distributing and downloading songs through peer-to-peer networks similar to BitTorrent. The RIAA attached Exhibits A and B to its complaints. Exhibit A contained a list of the infringed works. Exhibit B was a screen shot of the Defendants' entire file sharing folder (which typically included many works which were not the subject of the suit). *See e.g., Interscope Records v. Duty*, 2006 WL 988086, at *1-2 (D. Ariz. Apr. 14, 2006) discussing Rule 8(a)(2) and Rule 10(c) the Court found the relevance of both

exhibits to be clear:

> [T]he relevance of the two exhibits is clear. Duty is alleged to have illegally used Kazaa to download and distribute various copyrighted works. Therefore, based upon the complaint alone, it is clear to the court that exhibit B is an alleged representation of Duty's Kazaa share folder, and that exhibit A is a list of some songs that the Recording Companies claim were illegally downloaded.

Obviously, the RIAA was not intending to embarrass a defendant by attaching additional evidence of infringement to its complaints. Nevertheless, just like Plaintiff here, the RIAA's reasonable attorneys did so and judges approved the practice. This is strong evidence that attaching Exhibit C to the complaints need not be motivated by an improper purpose.

### A.   Plaintiff's Subjective Motivations for Attaching Exhibit C Were Proper

As explained in its Response (CM/ECF 18), Plaintiff filed Exhibit C to: (a) assist Plaintiff to identify the infringer; (b) allow an innocent doe defendant to identify the infringer and tell Plaintiff the identity of the infringer prior to being served; (c) assist Plaintiff to prove that the Defendant is a BitTorrent user; (d) assist Plaintiff to prove that the infringer resides in the subscriber's house; (e) assist Plaintiff to prove that the defendant had knowledge of the infringement; and (f) assist Plaintiff to defend against motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6).  Each of these reasons is a proper purpose for attaching Exhibit C.

### B.   The EFF's Argument Is Premised On a Logical Fallacy And Impermissible Speculation

The EFF erroneously argues this Court may deduce Plaintiff's motive because Plaintiff performed a permitted but unnecessary act (attaching Exhibit C).[2]  Obviously, when someone is

---

[2] Attaching Exhibit C to the complaints is *clearly* permitted.  "Federal Rule 10(c) authorizes the incorporation of 'any written instrument which is an exhibit' attached to a pleading and makes the material thus incorporated an integral part of that pleading for all purposes." § 1327 Exhibits as Part of the Pleadings, 5A Fed. Prac. & Proc. Civ. § 1327 (3d ed.)  And, contrary to the EFF's argument, "written instruments" include documents other than contracts. *See Interscope Records v. Duty*, 05CV3744-PHX-FJM, 2006 WL 988086 (D. Ariz. Apr. 14, 2006) (permitting exhibits

permitted to do X-act that person may do X-act for innumerable reasons. The mere fact that someone need not do X-act does not explain why that person did it. And, the EFF cannot infer a motive when there are multiple motives possible. This is akin to speculation which is not proper. *See Reed v. Great Lakes Companies, Inc.*, 330 F.3d 931 (7th Cir. 2003) ("The sanctions order thus appears to rest on nothing more solid than the judge's speculation that Reed is an extortionist. The speculation is too thin to sustain that order.")

   1.   The EFF Bolsters Its Logically Flawed Arguments With Two Thinly Veiled *Ad Hominem* Attacks

   To bolster its logically flawed argument, the EFF relies on two thinly veiled and related *ad hominem* attacks which essentially assert: (a) Plaintiff is suing to enforce copyrights covering adult sexual content; since some members of society are embarrassed by sex, Plaintiff must be suing to embarrass Defendants (*see generally*, EFF's Memorandum at p. 12-13); and (b) anyone who sues a peer-to-peer infringer based on an IP Address (which does not equal a person) is a bad person because they may be suing the wrong person (*see generally,* Id. at p. 10). The attacks are related insofar as the prejudices associated with sex are intended to heighten the concern associated with protecting innocent subscribers.[3]

   Argument (a) is: (1) intended to appeal to prejudices associated with sex, and (2) an obviously false syllogism. First, the Court should resist the temptation to rule based upon prejudices associated with the sexual content of the copyrighted works. Indeed, adult content is

---

listing all recordings downloaded by the defendant through a peer-to-peer network including those not owned by the plaintiff); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (incorporating a video recording as an exhibit to a complaint); *Tucker v. Olympia Dodge of Countryside, Inc.*, 03 C 0976, 2003 WL 21230604 (N.D. Ill. May 28, 2003) (allowing exhibits to the complaint containing a flyer and purchase voucher and incorporating as part of the pleadings).
[3] The EFF's argument on p. 14 that Plaintiff should be sanctioned because it included the Exculpatory Evidence Request Form demonstrates the insincerity of its rationale and undermines its credibility.

copyrightable and should not be treated any differently than other types of work.  *See Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) (emphasizing that pornography is copyrightable and that owners of the copyrights covering pornographic works should be afforded the same rights under the Copyright Act as anyone else.)  Second, the false syllogism in argument (a) ignores the possibility (and here the reality) that Plaintiff is suing to enforce its statutory rights and that any embarrassment is simply an unintended by-product.

Argument (b) was expressly rejected by Congress.  Indeed, through the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999 "Congress . . . amended the Coipyright Act . . . to increase the minimum and maximum awards available under § 504."  *Sony v. Tennenbaum*, 2011 WL 4133920 at * 11 (1st Cir. 2011).   At that time, Congress found on-line piracy resulted in "lost U.S. jobs, lost wages, lower tax revenue, and higher prices for honest purchasers."  *See* Legislative History, p.3, Exhibit A.   Further, as the former Register of Copyrights said, "for many people, the best form of education about copyright in the internet world is the threat of  litigation."[4]   Accordingly, suing peer-to-peer infringers does not make someone a bad person. Instead, it furthers the interest of the Copyright Act and our country because it helps fight the problem of "lost U.S. jobs, lost wages, lower tax revenue, and higher prices for honest purchasers."  And, the only way to sue for peer-to-peer infringement is to sue the subscriber who is the most likely infringer.

   A.   The EFF Concedes Exhibit C Contains Relevant and Admissible Evidence But
        Erroneously Argues There Are No Good Reasons to Attach it to the Complaints

The EFF concedes that the evidence on Exhibit C may be relevant and admissible.  *See* CM/ECF 25-1 at *7-8.  The EFF nevertheless argues that the evidence could have been provided

---

[4] *See* http://www.copyright.gov/docs/regstat090903.html

to a defendant by a private letter and that it would need to be sworn to be used in a summary judgment motion.[5]   The EFF continues by asserting there was no good reason to attach Exhibit C to the complaints; therefore, Plaintiff must have had an improper purpose.  This argument fails because its premise is wrong.  Namely, there are a myriad of good reasons to attach Exhibit C to the complaints.

      B.   <u>There Are Several Good Reasons to Attach Exhibit C to the Complaint</u>

    There are at least six good reasons to attach Exhibit C to the complaints:

    (1)   By making Exhibit C a part of the complaints, defendants must either admit or deny the allegations.  Out of the scores of answers Plaintiff has reviewed, no one has ever admitted to using BitTorrent.  Thus, the denial will enable Plaintiff to impeach a defendant later in the case.

    (2)   Pleadings frame the boundaries of discovery.  *See United States v. Medtronic, Inc.*, 2000 WL 1478476 (D. Kan. July 13, 2000) ("[w]hen determining the scope of discovery, the natural focus is on the geographical boundaries referenced within the complaint").  Accordingly, by attaching Exhibit C to the complaints, Plaintiff is bringing within the scope of discovery topics associated with the third party infringements, including possibly DMCA notices, which may be relevant to proving its case.

    (3)   A defendant who knows there is additional evidence of infringement will be less likely to deny the infringement or commit perjury, particularly since some of the third party infringements may be able to be verified through third party subpoenas.

---

[5] The EFF incorrectly argues that Plaintiff's Exhibit C cannot be utilized in a summary judgment pleading because it has not been introduced through sworn testimony.  Contrary to their conclusion, Plaintiff's expert, Tobias Feiser has already provided sworn testimony regarding the authenticity of Exhibit C and his process for compiling it. See CM/ECF 3.  This renders Exhibit C admissible not only for summary judgment motions but also for Fed. R. Civ. P. 12(c) judgment on the pleadings motions.

(4)     Exhibit C makes Plaintiff's claims more plausible which makes it better able to withstand a Rule 12(b)(6) motion.  *See e.g. AF Holdings LLC v. Rogers*, 2013 WL 358292 (S.D. Cal. Jan. 29, 2013) ("the Court orders Plaintiff to provide a more definite statement setting forth the factual basis for its allegation that Defendant used IP address 68.8.137.53 to infringe its copyright").

(5)     Prior to Plaintiff's practice of filing Exhibit C with its complaints, several opposing counsel accused Plaintiff of fabricating the evidence on Exhibit C and demanded the PCAPs, i.e. electronic records demonstrating the third party infringements.  Avoiding the false allegations of fabrication was discussed by Plaintiff's counsel's at the time the decision to attach Exhibit C to the complaints was made.  *See Lipscomb Declaration* ¶¶ 3-4, Exhibit B.

(6)     Plaintiff made a choice *not* to talk to defendants prior to serving them, in part, because some courts prohibited the practice.  *See e.g. Malibu Media, LLC v. John Does 1-11*, 12-cv-01117-WTL-MJD (S.D. In. Sept. 19, 2013) at CM/ECF 18 ("Plaintiff shall . . . refrain from any communication with any of the putative Defendants without express leave of the Court.")  Accordingly, the letter idea proffered by the EFF was not viable.  And, Plaintiff wanted to allow the defendants to review Exhibit C for, among other reasons, using the Exculpatory Evidence Request Form to tell Plaintiff the identity of the infringer.[6]

    C.     It is Premature to Ascertain Whether Exhibit C Is Non-Admissible Propensity <u>Evidence</u>

As acknowledged by the EFF, the issue of whether Exhibit C is propensity evidence is premature.  *See* CM/ECF 25 at *9.  Nevertheless, the EFF criticizes Plaintiff because it claims Exhibit C is overbroad.  This criticism ignores the reality that Plaintiff cannot determine which

---

[6] The EFF's argument on p.14 that Plaintiff should be sanctioned because it included the Exculpatory Evidence Request Form demonstrates the insincerity of its rationale and undermines its credibility.

content on Exhibit C ties a defendant to the infringement without knowing defendant's identity and analyzing the facts that become available during discovery.  Further, complaints routinely allege propensity evidence in all types of cases and these matters are routinely dealt with during motions in limine.   Finally, even if some of the content on Exhibit C would be inadmissible that is not a sufficient basis for sanctions.  Otherwise, everyone who loses a motion in limine on the basis that they are trying to introduce propensity evidence could be sanctioned.

IV.    **CONCLUSION**

The EFF has not provided any evidence that Plaintiff attached Exhibit C to the complaints for an improper purpose.  Conversely, Plaintiff has submitted declarations attesting to its proper purposes for attaching Exhibit C to the complaints.  For the reasons discussed above, speculation about Plaintiff's motives is not permitted.  Accordingly, since there is no evidence upon which to base a sanctions award, Plaintiff respectfully requests that this Court terminate its Order to Show Cause (CM/ECF 7) and not sanction Plaintiff.

Dated:  July 31, 2013

Respectfully submitted,

SCHULZ LAW, P.C.

By:    /s/ *Mary K. Schulz*_____
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel:  (224) 535-9510
Fax:  (224) 535-9501
Email:  schulzlaw@me.com
*Attorneys for Plaintiff*

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   <u>/s/ *Mary K. Schulz*</u>